[No. F015872. Fifth Dist. Nov. 10, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
BECKI LEANNE DESKIN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Statement of Facts and part I.

**COUNSEL**

Robert C. Erdmann, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Michael Weinberger and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEST, P. J.—**

### STATEMENT OF THE CASE

Becki Leanne Deskin was convicted by a jury of misdemeanor child endangerment (Pen. Code, § 273a, subd. (2)),[1] a lesser included offense of felony child endangerment (§ 273a, subd. (1)). In the unpublished portion of this opinion we consider the sufficiency of the evidence to support the conviction. In the published portion we consider whether the statute is unconstitutionally vague. We will affirm the judgment.

### STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 1397.

## DISCUSSION

I. *Was the conviction for misdemeanor child endangerment (§ 273a, subd. (2)), supported by sufficient evidence?*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Is Penal Code section 273a, subdivision (2), unconstitutionally vague, violating constitutional due process guarantees?*

 Defendant contends section 273a, subdivision (2) is unconstitutionally vague. While a number of cases have held that the felony portion of the statute, section 273a, subdivision (1), is not void for vagueness, subdivision (2) of the section, the misdemeanor provision, has not been addressed. We conclude the misdemeanor provision is not unconstitutionally vague under the same rationale as was applied to the felony portion of the statute.

 A criminal statute which fails to define a crime with sufficient certainty violates the constitutional guarantee of due process of law. (*Connally* v. *General Construction Co.* (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126].) This "void for vagueness" doctrine requires that "the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties . . . . And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential element of due process of law." (*Ibid.*)

Although a particular statute is somewhat vague or general in its language because of difficulty in defining the subject matter with precision, it will be upheld if its meaning is reasonably ascertainable. (See 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Introduction to Crimes, §§ 43, 51, pp. 50-51, 61-62.) Courts must view the statute from the standpoint of the reasonable person who might be subject to its terms. Thus, "[i]t is not necessary that a statute furnish detailed plans and specifications of the acts or conduct prohibited. The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding." (*Smith* v. *Peterson* (1955) 131 Cal.App.2d 241, 246 [280 P.2d 522, 49 A.L.R.2d 1194].) Examples of cases applying the rule are numerous. (See cases discussed at 1 Witkin & Epstein, Cal. Criminal Law, *supra*, § 52, pp. 62-64.) Certainty may be given also by decisions construing other statutes using substantially similar language. (See *id.* at pp. 58-59.)

---

\*See footnote, *ante*, page 1397.

Defendant contends section 273a, subdivision (2) is vague and overinclusive because the phrase "under circumstances other than those likely to produce great bodily harm or death," "spans the spectrum" from very prudent behavior to unacceptable behavior bordering on that likely to produce great bodily harm. She posits the example that a prudent mother, after carefully investigating the qualifications and experience of a babysitter, and determining that this babysitter is a safe one with whom she can leave her child, can be held to have violated section 273a, subdivision (2), because that babysitter can decide to abuse the mother's child that one time.

Defendant's argument misses the mark. The challenged phrase of the statute must be read in context. Section 273a, subdivision (2) provides:

"Any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care and custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in a situation that its person or health may be endangered, is guilty of a misdemeanor."

The criminal acts proscribed by both the felony and misdemeanor subdivisions of section 273a are (1) willfully inflicting or causing or permitting a child to suffer unjustifiable physical pain or mental suffering, (2) willfully causing the person or health of a child under one's care or custody to be injured, and (3) willfully placing a child under one's care or custody in a situation where its person or health may be endangered. If the act is done under circumstances or conditions likely to produce great bodily injury or death, it is a felony; if not, the same proscribed act is a misdemeanor.

Various courts rejected void for vagueness challenges to the former, similarly worded child endangerment statute. In *People* v. *Beaugez* (1965) 232 Cal.App.2d 650 [43 Cal.Rptr. 28], the court rejected a challenge to a portion of former section 273a which read:

"Any person who willfully causes or permits any child to suffer, or who inflicts thereon unjustifiable physical pain or mental suffering, and whoever, having the care or custody of any child, causes or permits the life or limb of such child to be endangered, or the health of such child to be injured, and *any person who willfully causes or permits such child to be placed in such situation that its life or limb may be endangered, or its health likely to be injured,* is punishable by imprisonment . . . ." (232 Cal.App.2d at p. 655, italics added to indicate that portion which was challenged as unconstitutionally vague.)

The court observed that the type of conduct which the statute sought to reach defied precise definition. The number and kind of situations where a child's life or health may be imperiled are infinite. Yet the statute sought to protect children from willful mistreatment whether directly or indirectly applied. The court construed the term "willful" to mean purposeful or with knowledge of the consequences. Thus, reasonably construed, the statute condemned the intentional placing of a child, or permitting him or her to be placed, in a situation in which serious physical danger or health hazard to the child is reasonably foreseeable. Under this commonsense construction, the statute was not unconstitutionally vague. (*People* v. *Beaugez, supra,* 232 Cal.App.2d at pp. 656-658.)

In *People* v. *Curtiss* (1931) 116 Cal.App. Supp. 771 [300 P. 801], the court found that the phrase "inflict unjustifiable pain and suffering" was not uncertain. Whether the pain and suffering inflicted was "unjustifiable" was a question of fact under a standard of reasonableness. Reasonableness as the standard of an act, which can be determined objectively under the circumstances, is a constitutionally valid standard of law. (*Id.* at p. Supp. 781.)

Applying similar rationales, courts have held subdivision (1) of the current section 273a to be sufficiently certain to pass constitutional muster. (*Walker* v. *Superior Court* (1988) 47 Cal.3d 112, 144 [253 Cal.Rptr. 1, 763 P.2d 852]; *People* v. *Smith* (1984) 35 Cal.3d 798, 809-810 [201 Cal.Rptr. 311, 678 P.2d 886]; *People* v. *Ewing* (1977) 72 Cal.App.3d 714, 718 [140 Cal.Rptr. 299].) Because the criminal acts are the same in both subdivisions (1) and (2), with the potential for grave injury being the distinguishing characteristic of the felony and misdemeanor provisions, subdivision (2) is not unconstitutionally vague for the same reasons subdivision (1) is not.

Further, violation of section 273a requires proof of criminal negligence. (*People* v. *Superior Court* (*Holvey*) (1988) 205 Cal.App.3d 51, 60 [252 Cal.Rptr. 335].) The same specificity in describing the prohibited act is not required where violation of the statute depends on the existence of a specific wrongful intent. (*Erlich* v. *Municipal Court* (1961) 55 Cal.2d 553, 559 [11 Cal.Rptr. 758, 360 P.2d 334].) ■ Criminal negligence as applied to section 273a means " 'the defendant's conduct must amount to a reckless, gross or culpable departure from the ordinary standard of due care; it must reach such a departure from what would be the conduct of an ordinarily prudent person under the same circumstances as to be incompatible with a proper regard for human life.' " (*People* v. *Superior Court* (*Holvey*), *supra,* 205 Cal.App.3d at p. 60.) Under this standard, parents and caretakers should be able to distinguish criminal behavior from noncriminal behavior. Parents sometimes make mistakes that are detrimental to their children's health or

that injure their children, but such parents will not be charged with and convicted of a violation of section 273a unless they are criminally negligent. (205 Cal.App.3d at p. 61.)

██ Moreover, that there are diverse views in our society regarding reasonable and appropriate physical discipline does not render subdivision (2) of section 273a unconstitutionally vague. Section 273a holds every person to an objective standard of reasonableness regarding the causing of physical pain, mental suffering or injury to a child or the endangering of a child's person or health. A finding of criminal negligence is made by applying an objective test of whether a reasonable person in the defendant's position would have been aware of the risk involved.

For example, in *Walker* v. *Superior Court, supra,* 47 Cal.3d at page 142, a parent whose child died of meningitis argued that section 273a, subdivision (1) failed to provide her fair notice of the point at which lawful prayer treatment for her child in lieu of medical care became unlawful. The California Supreme Court held, "[t]he 'matter of degree' that persons relying on prayer treatment must estimate rightly is the point at which their course of conduct becomes criminally negligent. In terms of notice, due process requires no more." (47 Cal.3d at p. 142.) Analogously, persons who commit the acts proscribed in section 273a "under circumstances or conditions other than those likely to cause great bodily harm or death" must estimate rightly the point at which their actions become criminally negligent. That standard satisfies due process.

Accordingly, section 273a, subdivision (2) is not void for vagueness.

### DISPOSITION

The judgment is affirmed.

Harris, J., and Franson, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied February 17, 1993.

---

*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.