[No. B086576. Second Dist., Div. Seven. Sept. 20, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
FLORENTINO FRANK DOMINGUEZ, Defendant and Appellant.

## COUNSEL

Harvey L. Goldhammer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Robert Carl Schneider and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS (Fred), J.**—Florentino Frank Dominguez was convicted by jury of second degree robbery and carjacking, both with the use of a firearm (Pen. Code, §§ 211, 215, 12022.5), and the court found true allegations of a prior serious felony conviction (Pen. Code, § 667, subd. (a)(1)), and of three prior convictions for which he had served a separate prison term (Pen. Code, § 667.5, subd. (b)) and that appellant's conviction was a "second strike" pursuant to Penal Code section 667, subdivisions (b) through (i), since he had the prior serious felony conviction. He contends he was improperly convicted of both carjacking and robbery and the evidence is insufficient to support the firearm use enhancement.

This court asked for additional briefing regarding which terms are doubled upon conviction for a "second strike" and whether the new "Three Strikes" law permitted the trial court to strike the Penal Code section 667, subdivision (a), prior serious felony conviction enhancement.

The judgment will be modified and affirmed.

### FACTUAL BACKGROUND

Viewing the evidence in the light most favorable to the judgment (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]), about 1:30 a.m. on March 20, 1994, Jose Carvallo left his mother's residence and drove his van to the El Atacor restaurant to get something to eat. He parked in a lot several doors away from the restaurant as there was little parking nearby. Suddenly, a man entered his van through the side sliding door. The man put a cold and metallic object against his neck which felt "[l]ike a weapon, like a gun." The man grabbed him and said, " 'Give me everything you have. If you turn around, I'll kill you.' " It took Carvallo about five minutes to remove two rings. At one point, Carvallo turned and

saw appellant, a man Carvallo previously had seen in that neighborhood.[1] Carvallo was afraid appellant would kill him. As soon as he handed over the rings and a chain, he ran. He telephoned the police from the restaurant.

Los Angeles County Deputy Sheriff Mark Lucio responded to the call. Carvallo was nervous and frightened. Carvallo told Lucio, " 'I thought [the robber] was going to kill me. I ran.' " Lucio also recalled Carvallo telling him appellant put a gun to his head and told him to get out of the van.[2] Carvallo explained to Lucio he got out of the car and never looked back. For that reason, Lucio had another deputy determine if the van was still in the lot. The van was missing. Soon thereafter, the van was recovered at a location less than a mile away.

In defense, appellant claimed he was acquainted with the victim and denied robbery, carjacking and possessing a firearm. He claimed he took the car without permission from the lot after the victim picked him up on the street and gave him a ride there. The victim was emotional and inebriated and appellant thought he might be gay. They talked in the van for 20 minutes. The victim asked appellant to do a "hit." The victim got out of the van to get burritos, but left his keys in the ignition. Appellant drove off in the van for "fun" and because the victim asked him to do the "hit." Appellant abandoned the van nearby and left the keys. Appellant claimed he hoped the victim would recover his van. The People impeached appellant with his prior convictions for attempted robbery and burglary.

During deliberations, the jury asked the court if the "victim need[s] to see a weapon" in order to make a finding of personal use of a firearm. The court replied in writing: "If you find that the defendant personally used a firearm as defined in [CALJIC No.] 17.19, the law does not further require that the victim actually see the firearm." The jury also inquired, "What does the word [']display['] mean in relation to [CALJIC No.] 17.19?" In writing, the judge replied, "The law does not further define 'display.' Use the everyday, commonly understood definition."

For carjacking, the court imposed an aggregate term in state prison of twenty-six years, consisting of the high term of nine years, doubled, as the conviction was a "second strike" (making the base term eighteen years), enhanced by a high term of five years for the firearm use and by three consecutively imposed one-year terms for the three prior separate prison

---

[1]Carvallo denied he knew appellant from a bar and that he had given appellant a ride in his van that night.

[2]The defense elicited this evidence during cross-examination.

term enhancements. The court stated that it would "strike" the prior conviction allegation for the serious felony under Penal Code section 667, subdivision (a)(1), and would not use that prior conviction to both "trigger" the Three Strikes provisions, as well as impose the five-year enhancement.[3]

For robbery, the court imposed a concurrent term of eight years consisting of the middle term of four years, doubled as it was a "second strike" (making the total term eight years). The court stayed the firearm use enhancement for the robbery.

With regard to the ban on multiple punishment as it applied to the imposition of a term for the robbery, the court said: ". . . I think that possibly in this situation count 1, the robbery, could be in fact a separate crime punishable as such. But out of an abundance of caution in the matter I am going to find that pursuant to section 654 that might in fact be a dual use so I will not impose that consecutive[ly]. However, the jury did find [appellant] guilty of that crime, so what I'll do is I'll go ahead and run that [term] concurrent."[4]

### DISCUSSION

1. *The only error the court made was in imposing a concurrent term for the robbery after determining the term for robbery was subject to the ban on the multiple punishment in Penal Code section 654.*

 The contention appellant can be convicted of, and punished for, either carjacking or robbery, but not of both offenses, and the conviction for one of these offenses must be reversed, lacks merit.

Appellant argues the new statute defining an offense of "carjacking," Penal Code section 215, and robbery in violation of Penal Code section 211, constitute different versions of robbery and, thus, multiple convictions of these offenses are improper since the carjacking and robbery constituted "one continuous event" during which the victim was robbed of a variety of different items. Appellant also claims the ban on multiple punishment in

---

[3]In supplemental briefing, respondent pointed out the court imposed an unauthorized "high" term of "five" years for the firearm use enhancement for the carjacking offense. On the date of this offense, the possible terms for firearm use during a carjacking offense were four, five or six years, making the court's imposition of a five-year upper term unauthorized by law. Upon remand for resentencing, the court shall resentence appellant to one of the appropriate terms authorized by the 1994 provisions of Penal Code section 12022.5, subdivision (a).

[4]When defense counsel argued that imposition of the term for robbery was precluded by Penal Code section 654, the court asked the prosecutor if he agreed with that. The prosecutor replied, "Well it was a separate act of violence. However, I would indicate it would probably fall under 654."

Penal Code section 654 requires appellant be punished for only one of the offenses.

Respondent urges subdivision (c) of the new carjacking statute, Penal Code section 215, expressly authorizes conviction for both offenses and additionally alters the usual rules for the application of the ban on multiple punishment in Penal Code section 654.

Penal Code section 215 in its entirety provides:

"(a) 'Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.

"(b) Carjacking is punishable by imprisonment in the state prison for a term of three, five, or nine years.

"(c) This section shall not be construed to supersede or affect Section 211. A person may be charged with a violation of this section and Section 211. However, no defendant may be punished under this section and Section 211 for the same act which constitutes a violation of both this section and Section 211."

Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. (Pen. Code, § 211.) The specific intent required for robbery is the intent to permanently deprive. (See *People* v. *Wader* (1993) 5 Cal.4th 610, 645-646 [20 Cal.Rptr.2d 788, 854 P.2d 80]; *People* v. *Cummings* (1993) 4 Cal.4th 1233, 1311-1312, fn. 53 [18 Cal.Rptr.2d 796, 850 P.2d 1].)

Contrary to respondent and appellant's claims, Penal Code section 215, subdivision (c), expressly permits the People to allege both carjacking and robbery in the accusatory pleading and to prosecute these offenses in the same proceeding. Subdivision (c) says nothing about whether multiple convictions are permitted under Penal Code section 654. The language in the subdivision the People claim requires this court to find a specific provision authorizing multiple convictions is nothing more than a provision to make clear the Legislature's intent carjacking is not a special statute supplanting the use of a more general statute punishing robbery. (See *People* v. *Molina* (1992) 5 Cal.App.4th 221, 225-232 [6 Cal.Rptr.2d 736].) We thus examine the multiple conviction issue by applying the well-settled rules surrounding

whether multiple convictions are permitted for particular violations of law under Penal Code section 654.

■ The fact one indivisible act or indivisible course of conduct simultaneously violates two statutes does not require a conclusion one of the offenses is a necessarily lesser included offense to the other, making the defendant subject to conviction for only one of the offenses. (See *People v. Pearson* (1986) 42 Cal.3d 351, 354-355 [228 Cal.Rptr. 509, 721 P.2d 595]; *People v. Cole* (1982) 31 Cal.3d 568, 582 [183 Cal.Rptr. 350, 645 P.2d 1182]; *People v. Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763].) The question of whether multiple convictions are permitted for carjacking and robbery is an issue of whether one offense is a necessarily included offense to the other. The test in this state of a necessarily included offense is simply that, where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. (*People v. Pearson, supra*, 42 Cal.3d at pp. 355-358.)

■ Robbery occurs when *any type of personal property* is removed from the victim; an essential element of robbery is the *intent to permanently deprive* the victim of possession of the property. One essential element of carjacking is taking a specific type of property, a *motor vehicle*; another is taking the vehicle with at least *the intent to temporarily deprive* the victim of possession. Thus, carjacking and robbery each can be committed without committing the other offense, and are not necessarily included offenses to one another.

Also, the robbery and carjacking offenses alleged here are not lesser included offenses based on the language used in the accusatory pleading. Each offense is alleged by its statutory language. The robbery offense does not specifically allege the taking of a motor vehicle. Hence, whether the carjacking is a lesser included offense by virtue of the accusatory pleadings is not at issue. (See *People v. Marshall* (1957) 48 Cal.2d 394, 399-400 [309 P.2d 456].)

Penal Code section 215's "carjacking" offense is nothing more than an aggravated violation of the unlawful driving and taking of a motor vehicle as defined in Vehicle Code section 10851.[5] The carjacking offense omits the "driving" element of Vehicle Code section 10851 and adds to it the element of securing the vehicle from the immediate presence of the victim or the

---

[5]Vehicle Code section 10851, subdivision (a), provides: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with the intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense . . . ."

passenger by force or fear. The intent requirement is the same as for a violation of Vehicle Code section 10851, requiring an intent to permanently deprive, *or* the intent to temporarily deprive.

Because carjacking is similar to the unlawful taking of a vehicle, making an analogy to robbery/auto grand theft is inappropriate. (See *People* v. *Gamble* (1994) 22 Cal.App.4th 446, 450-452 [27 Cal.Rptr.2d 451]; *People* v. *Rush* (1993) 16 Cal.App.4th 20, 27 [20 Cal.Rptr.2d 15]; *People* v. *Brito* (1991) 232 Cal.App.3d 316, 326 [283 Cal.Rptr. 441]; *People* v. *Irvin* (1991) 230 Cal.App.3d 180, 186 [281 Cal.Rptr. 195].) Issues of the lesser relatedness of robbery and carjacking are more akin to issues of the lesser relatedness of robbery and Vehicle Code section 10851. And it is well settled the offense proscribed in Vehicle Code section 10851 is not a lesser included offense to robbery. (*People* v. *Marshall, supra*, 48 Cal.2d at pp. 397-399 [robbery and the unlawful driving and taking of a vehicle under former Vehicle Code section 503; now Vehicle Code section 10851];[6] *People* v. *Randle* (1992) 8 Cal.App.4th 1023, 1027-1028 [10 Cal.Rptr.2d 804] [robbery and the unlawful driving and taking of a vehicle]; *People* v. *Aho* (1984) 152 Cal.App.3d 658, 664 [199 Cal.Rptr. 671] [robbery and the unlawful driving and taking of a vehicle]; see *People* v. *Irvin, supra*, 230 Cal.App.3d at p. 186, fn. 3 [distinguishing the determination of lessor included offenses of grand theft and a violation of Vehicle Code section 10851 as those offenses related to robbery].)

This court rejects appellant's claim carjacking is just another type of robbery and appellant's analogy to the robbery/grand theft auto cases. Carjacking is not a necessarily lesser included offense to robbery, or vice versa, and the court did not err in entering convictions for both offenses.

As for the multiple punishment issue, respondent urges, by the use of the phrase "for the same act" in subdivision (c) of section 215, the Legislature has declared its intent the *Neal* v. *State of California*'s "single intent and objective" test is not to be used to determine multiple punishment issues for convictions of carjacking and robbery. (*Neal* v. *State of California (1960)* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839]; see *People* v. *Latimer* (1993) 5 Cal.4th 1203, 1208-1209 [23 Cal.Rptr.2d 144, 858 P.2d 611].)

However, this court does not need to reach that issue. The prosecutor conceded Penal Code section 654's applicability in the trial court. And even if Penal Code section 215, subdivision (c)'s "same act" language signaled a

---

[6]*People* v. *Marshall, supra*, determined the offense of driving and taking a vehicle was not a lesser included offense to robbery in the abstract. However, the information in that case specifically alleged the robbery involved the taking of the motor vehicle, requiring a finding that in that specific case the driving and taking a vehicle offense was a lesser included offense based on the language as alleged in the information. (48 Cal.2d at p. 405.)

rejection of *Neal*, the carjacking and robbery here constituted "the same act." Appellant placed the cold metallic object to the back of the victim's neck and demanded "everything he had . . . ." Simultaneously, the victim handed over his jewelry and van by handing over the jewelry and fleeing the van. The long-standing rule is that ". . . the theft of several articles at one same time constitutes but one offense [even where] such articles belong to several different owners." (*People* v. *Bauer* (1969) 1 Cal.3d 368, 378 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398], citing *People* v. *Smith* (1945) 26 Cal.2d 854, 859 [161 P.2d 941].) This view has been followed in the vast majority of cases where it has arisen or been discussed. (*People* v. *Bauer, supra,* 1 Cal.3d at p. 378.) The rule predates *In re Chapman* (1954) 43 Cal.2d 385, 389-390 [273 P.2d 817]. Thus, even under the pre-*Neal* test in *In re Chapman*, the same act was essential to both offenses and thus is not separately punishable under Penal Code section 654.

Furthermore, the trial court expressly made a finding Penal Code section 654 required no punishment for the robbery in addition to the carjacking. *In re Chapman* said, "Whether the evidence accepted by the trier of fact shows [the defendant] guilty of one crime or of two is in part a factual question." (43 Cal.2d at p. 390.) The trial court's finding is binding on this court if supported by substantial evidence, and the evidence here supports the trial court's finding with regard to multiple punishment.

The only error we find in the record is that the trial court imposed a concurrent term for the robbery, in lieu of imposing a term for the robbery and staying it, which is the proper procedure for disposing of a term banned by Penal Code section 654. (*People* v. *Miller* (1977) 18 Cal.3d 873, 876 [135 Cal.Rptr. 654, 558 P.2d 552]; *People* v. *Beamon* (1973) 8 Cal.3d 625, 640 [105 Cal.Rptr. 681, 504 P.2d 905]; *People* v. *Niles* (1964) 227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11].)

The error will be corrected by modifying the judgment and staying the term imposed for robbery.[7]

---

[7]Penal Code section 667, subdivision (c) provides in pertinent part:

"(c) "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

" . . . . . . . . . . . . . . . . . . . . . .

"(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

"(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law."

*2. The evidence is sufficient to support the jury's finding of a firearm use.*

 Appellant contends the evidence is insufficient to support the firearm use enhancement since the evidence did not "logically and reasonably" lead to the one conclusion that the object used in the robbery was a firearm. We disagree.

 "Whether the defendant . . . personally used a firearm [is a] factual question[] for the jury's determination. (*People* v. *Smith* (1980) 101 Cal.App.3d 964, 967 [161 Cal.Rptr. 787].) [¶] On appeal, '. . . the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence . . . such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) The court must 'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.] If the circumstances reasonably justify the trial court's findings, reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding.' [Citation.]" (*People* v. *Jacobs* (1987) 193 Cal.App.3d 375, 379-380 [238 Cal.Rptr. 278].)

 The evidence is sufficient to prove the use of a firearm where there is some type of display of the weapon, coupled with a threat to use it which produces fear of harm in the victim. ". . . [A] firearm is displayed when, by sensory perception, the victim is made aware of its presence. Once displayed in such fashion, the threat of use sufficient to produce fear of harm becomes a use of that firearm proscribed by Penal Code sections 12022.5 . . . ." (*People* v. *Jacobs*, *supra*, 193 Cal.App.3d at p. 381.) There is no requirement the victim actually see the gun. (*Id.* at p. 381, fn. 3.)

In *Jacobs*, the defendant took a test drive with a car salesperson in a new car. The defendant told the salesperson he was taking the car to make a cocaine deal and the defendant's wife and children were in danger. The defendant said the salesperson should get out of the car, or go with him and risk getting shot. The salesperson refused to get out and the defendant said he had a gun. The salesperson indicated he was removing the keys from the ignition. The defendant reached with his hand into his jacket and cocked what sounded like a gun inside his jacket. The salesperson was positive the

Respondent does not argue the Three Strikes law, as to this issue, precludes application of the ban on multiple punishment. In additional briefing following oral argument, respondent acknowledged Penal Code section 667, subdivision (c)(6), does not require consecutive sentencing. These carjacking and robbery offenses arose "out of the 'same set of operative facts.'" (See *People* v. *Martin* (1995) 32 Cal.App.4th 656, 664 [38 Cal.Rptr.2d 776].)

cocking sound he heard was from a gun. (193 Cal.App.3d at pp. 378-379.) The court on appeal found the evidence sufficient to uphold the finding of a firearm use. (*Id.* at p. 382.)

In *People* v. *Green* (1985) 166 Cal.App.3d 514, 517 [212 Cal.Rptr. 451], the firearm use enhancement was upheld where a female burglary/robbery victim did not see the gun, but felt it placed against her head and two bullets were later found in the defendant's pocket.

The evidence supported the firearm use. The threat here was to "kill" the victim, not merely to hurt him. Under these circumstances, the sensation of the cold steel cylindrical object at the back of the victim's neck, coupled with the threats to "kill" and the resultant fear of harm, was sufficient evidence to support a jury finding of the use of a firearm. (*People* v. *Jacobs*, *supra*, 193 Cal.App.3d at p. 382; *People* v. *Green, supra*, 166 Cal.App.3d at p. 517.) Furthermore, on cross-examination, the defense elicited the victim's statement to the officer that the defendant used a gun. Such evidence is ample to support the finding of a firearm use.

3. *Since appellant was subject to the "second strike" sentencing scheme in Penal Code section 667, subdivision (e)(1), the court properly doubled the base term imposed for the carjacking offense and the term imposed for the robbery offense and improperly struck the additional five-year term for the prior conviction of a serious felony under Penal Code section 667, subdivision (a)(1).*

On March 7, 1994, by urgency legislation, the Three Strikes provisions, subdivisions (b) to (i), were added to Penal Code section 667 and former Penal Code section 667 was renumbered and reenacted. (Stats. 1994, ch. 12 (Assem. Bill No. 971), § 1, eff. Mar. 7, 1994.) After appellant committed this offense, the virtually identical "Three Strikes and You Are Out" initiative, Proposition 184, was passed by the voters and enacted in a new section, Penal Code section 1170.12. The initiative became effective on November 9, 1994. The pertinent provisions of Penal Code section 667, subdivisions (b) through (i), provide:

"(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.

"(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

" · . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) Probation for the current offense shall not be granted, *nor shall execution or imposition of the sentence be suspended for any prior offense.*

" · . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(e) For purposes of subdivisions (b) to (i), inclusive, and *in addition to any other enhancement or punishment provisions which may apply*, the following shall apply where a defendant has a prior felony conviction:

"(1) If a defendant has one prior felony conviction that has been pled and proved, *the determinate . . . term* shall be twice the term otherwise provided *as punishment for the current felony conviction.*

" · . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(f)(1) *Notwithstanding any ·other law*, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior felony conviction except as provided in paragraph (2)."[8] (Italics added.)

---

[8]Penal Code section 667 also provides in pertinent part:

"(a)(1) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(2) This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this subdivision to apply."

Penal Code section 1170.1, subdivision (a) states: "[t]he aggregate term of imprisonment for all these convictions . . . and any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1 and pursuant to Section 11370.2 of the Health and Safety Code. *The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to subdivision (c) of Section 186.10 or Section 667.15, 667.8, 667.83, 667.85, 12022, 12022.2, 12022.3, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, 12022.8 or 12022.9 of this code, and an enhancement imposed pursuant to Section 11370.4 or 11379.8 of the Health and Safety Code.* The subordinate term for each consecutive offense which is not a 'violent felony' . . . shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for an offense that is not a violent felony for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. . . . The subordinate term for each consecutive offense which is a 'violent felony' . . . shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for an offense that is a violent felony for which a consecutive term of imprisonment is imposed and shall include one-third of any enhancements imposed pursuant to Section 667.15, 667.8, 667.83, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.7, 12022.75 or 12022.9." (Italics added.)

Penal Code section 1385, subdivision (b) provides: "This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667."

### A. *Doubling the determinate terms.*

■ This court requested additional briefing on the issue of which "determinate" terms were doubled under the Three Strikes law's "second strike" sentencing provisions and referred the parties to the decision in *People* v. *Martin, supra,* 32 Cal.App.4th 656, in which the court stated both the "principal" and "subordinate" terms were doubled, to the exclusion of any enhancements. (*Id.* at pp. 665-666.)[9] Respondent asserted the instant court properly doubled the terms imposed for each felony offense for which appellant was convicted—the base term for the carjacking and concurrent term imposed for the robbery. (*Id.* at p. 668.) Respondent also urged, based on *Martin,* the terms to be doubled for a "second strike" defendant do not include enhancements, including the offense-related enhancements, such as for the personal use of a firearm. This is notwithstanding that Penal Code section 1170.1, subdivision (a), includes within the "principal term" the offense-related enhancements which attach to the base term. Appellant agreed.

This court examined the plain words of the statute. It appears respondent and appellant are correct in asserting that the terms for the offenses themselves must be doubled for a "second strike" defendant, but no term for an enhancement is doubled.[10] The trial court thus properly imposed doubled terms as punishment for the carjacking and the robbery offenses. (We, of course, determined earlier in this opinion, once the doubled term for the robbery was imposed, it was properly stayed pursuant to Penal Code section 654.)

---

[9]We asked for briefing on the issue of which terms were doubled upon a "second strike" conviction as it appeared appellant might have received a 10-year windfall at sentencing. His base term for the carjacking offense and the robbery term were doubled, but the attendant term for the firearm use enhancement was not, despite its inclusion within Penal Code section 1170.1, subdivision (a)'s "principal term." Also, appellant was not sentenced to the five-year term for the prior serious felony conviction as the court apparently determined the prior felony conviction enhancement could not be used where the same conviction triggered doubling the term imposed for current felony offense.

The parties filed additional briefing on these issues, as requested.

[10]We also note the Proponent's Argument in Favor of Proposition 184, the later enacted initiative, explained: "[a] second felony conviction, with one prior serious/violent felony DOUBLES the base sentence for the conviction. Any additional enhancements under existing law, including those for prior convictions, are then added." (Ballot Pamp., argument in favor of Prop. 184 as presented to the voters, Gen. Elec. (Nov. 8, 1994) p. 36.)

B. *The enhancement for the prior conviction of a serious felony.*

 This court also requested the parties' brief whether the court had discretion at sentencing to strike the Penal Code section 667, subdivision (a), prior conviction for a serious felony enhancement.

Respondent argues the Three Strikes law doubles the determinate terms imposed for current felony offenses upon the "second strike" and adds five years to the sentence for the prior serious felony conviction. Appellant disagrees. Appellant argues there are flaws in the reasoning of *People* v. *Ramirez* (1995) 33 Cal.App.4th 559 [39 Cal.Rptr.2d 374] and *People* v. *Anderson* (1995) 35 Cal.App.4th 587 [41 Cal.Rptr.2d 474], which held the mandatory five-year enhancement for a prior conviction of a serious felony was part of the "second strike" sentencing scheme and could not be stricken, and that Penal Code section 654 precludes the use of the enhancement as it constitutes multiple punishment.

The case authority interpreting the statutory sentencing scheme of Penal Code section 667, subdivisions (b) through (i), is in agreement that the five-year prior serious felony conviction enhancement, if pled and proved, cannot be dismissed, stayed or stricken by the trial court. In *People* v. *Bailey*█ (1995) 41 Cal.App.4th 1797 [44 Cal.Rptr.2d 205], this division held that the express provisions of both Penal Code section 1385, subdivision (b), and Penal Code section 667, subdivision (c)(2), prohibit the court from striking the 1777 five-year enhancement. (See also *People* v. *Petty* (1995) 41 Cal.App.4th 1777 [44 Cal.Rptr.2d 34]; *People* v. *Gore* (1995) 42 Cal.App.4th 1 [44 Cal.Rptr.2d 244].)█ In *People* v. *Glaster*█ (1995) 40 Cal.App.4th 1825, 1830-1837 [45 Cal.Rptr.2d 65], Division Two of the Second District of the Court of Appeal reached a similar conclusion.

In *People* v. *Anderson, supra,* 35 Cal.App.4th 587, and *People* v. *Ramirez, supra,* 33 Cal.App.4th 559, the courts held the imposition of the five-year enhancement for the prior serious felony conviction was part and parcel of the Three Strikes statutory scheme. The clear and unambiguous language of Penal Code section 667, subdivisions (b) through (i) contemplated "the doubling of the term [for the current felony conviction] . . . and the imposition of all applicable enhancements." (*Anderson,* at pp. 593-602.) *Anderson* and *Ramirez* rejected claims Penal Code section 654 required the enhancement be stayed. (*Anderson,* at pp. 599-600; *Ramirez,* at pp. 572-573.)

Appellant's arguments in the additional briefing simply reiterate the appellants' arguments in *Anderson* and *Ramirez.* There is no need for this court to repeat the long discussions of the issues in those decisions. We reject appellant's claims for the same reasons and since the terms of Penal Code

section 1385, subdivision (b), and Penal Code section 667, subdivision (c)(2), do not authorize the court to strike the enhancement in question.

Appellant also requests this court to remand for resentencing if the sentence on appeal is deemed unauthorized and thereby is increased as a result of correcting any unauthorized term. Appellant argues that a remand would be just in this case since, at the original sentencing, the court had discretion to strike the prior prison term enhancements imposed under Penal Code section 667.5, subdivision (b). (See *People* v. *Massengale* (1970) 10 Cal.App.3d 689, 692-693 [89 Cal.Rptr. 237].)

We agree there is no indication in the record how the trial court would have exercised its discretion had the court been aware the enhancement for the prior conviction of a serious felony was mandatory. Thus, the matter will be remanded to the trial court for the purpose of permitting the trial court to exercise its discretion to strike none, some or all of the Penal Code section 667.5, subdivision (b), enhancements. (Pen. Code, § 1260.)

## DISPOSITION

The judgment is modified to stay the term imposed for the robbery in count 1 pursuant to Penal Code section 654. The Penal Code section 667, subdivision (a), prior conviction of a serious felony enhancement is reinstated and the mandatory five-year term for that enhancement is ordered imposed. Appellant's aggregate term is modified so that he will serve thirty-one years in state prison, consisting of the high term of nine years, doubled as the conviction is a "second strike" (making the base term eighteen years), enhanced by a high term of five years for the firearm use, by five years for the prior serious felony conviction and by three years for the consecutively imposed, one-year terms for the three prior convictions resulting in separate prison terms. The matter additionally is remanded to the trial court for the purpose of having the trial court consider whether appellant's circumstances warrant the striking of any or none of the three prior convictions resulting in the prior separate prison terms within the meaning of Penal Code section 667.5, subdivision (b). The court shall also vacate the high term of five years imposed for the firearm use in the carjacking and impose an authorized term of four, five or six years in lieu thereof. In all other respects, the judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.

On October 19, 1995, the opinion was modified to read as printed above.