TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-416 |
| of | : | |
| | : | July 21, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE RAYMOND N. HAYNES, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

Is it unlawful for a parent to spank a child for disciplinary purposes with an object other than the hand?

CONCLUSION

It is not unlawful for a parent to spank a child for disciplinary purposes with an object other than the hand; however, the punishment must be necessary and not excessive in relation to the individual circumstances.

ANALYSIS

The question presented for resolution concerns corporal punishment administered by a parent. Specifically, may a parent spank a child for disciplinary purposes with an object other than the open hand? **Footnote No. 1** We conclude that the punishment may be so administered as long as it is necessary and not excessive in relation to the individual circumstances.

Penal Code section 273d, subdivision (a) **Footnote No. 2** provides:

"Any person who willfully inflicts upon a child any cruel or inhuman corporal punishment or injury resulting in a traumatic condition is guilty of a felony and shall be punished by imprisonment in the state prison for two, four, or six years, or in a county jail for not more than one year, by a fine of up to six thousand dollars ($6,000), or by both that imprisonment and fine."

The focus of section 273d, in regards to parents physically disciplining their child, is on the resulting condition of the child, not on the object used to administer the corporal punishment. For a violation of section 273d to occur, the spanking must result in a "traumatic condition," which for purposes of the statute has been

defined as "a wound or other abnormal bodily condition resulting from application of some external force." (*People* v. *Stewart* (1961) 188 Cal.App.2d 88, 91, citing *People* v. *Burns* (1948) 88 Cal.App.2d 867, 873-874.) Where a spanking with an object other than the open hand produces a traumatic condition, **Footnote No. 3** a violation of section 273d would require a further finding that the infliction of the corporal punishment was "cruel or inhuman" under the given circumstances. (See *People* v. *Thomas* (1976) 65 Cal.App.3d 854, 857-858.)

Section 273a provides in part:

"(a) Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison for two, four, or six years.

"(b) Any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health may be endangered is guilty of a misdemeanor."

Here again, criminal liability is not contingent upon the type of object used. Rather, the issue is whether the parent has inflicted "unjustifiable physical pain or mental suffering" when considering objectively the individual circumstances. "Section 273a holds every person to an objective standard of reasonableness regarding the causing of physical pain, mental suffering or injury to a child or the endangering of a child's person or health." (*People* v. *Deskin* (1992) 10 Cal.App.4th 1397, 1403.)

A parent may also be convicted of battery upon his or her child (§ 243; see *People* v. *Stewart*, *supra*, 188 Cal.App.2d at 90-91), defined as "any willful and unlawful use of force or violence upon the person of another" (§ 242). "`"`[T]he least touching' may constitute battery."'" (*People* v. *Longoria* (1995) 34 Cal.App.4th 12, 16.) The amount of force "`"need not be violent or severe, it need not cause bodily harm or even pain and it need not leave any mark."'" (*Ibid.*) No proof of an intent to injure is required, only an intent to commit the act. (*People* v. *Lindsay* (1989) 209 Cal.App.3d 849, 855.) Again, there is no distinction made as between objects by which the force is delivered. Civil tort liability may also arise from a parent's unlawful physical punishment of his or her child. (See *Emery* v. *Emery* (1955) 45 Cal.2d 421, 429-430.)

Under the foregoing statutes, the use of an object other than the open hand when a parent administers a spanking to his or her child is not in itself unlawful. However, the particular object used may affect the *reasonableness* of the punishment, which is at the center of the legal right to discipline one's own child. In *People* v. *Whitehurst* (1992) 9 Cal.App.4th 1045, 1050, the court recently explained:

"A parent has a right to reasonably discipline by punishing a child and may administer reasonable punishment without being liable for a battery. (*Emery* v. *Emery* (1955) 45 Cal.2d 421, 429; *People* v. *Stewart* (1961) 188 Cal.App.2d 88, 91 [§ 273d.] This includes the right to inflict reasonable corporal punishment. (*People* v. *Curtiss* (1931) 116 Cal.App.Supp. 771, 775 [§273a].)

"However, a parent who willfully inflicts *unjustifiable* punishment is not immune from either civil liability or criminal prosecution. (*People* v. *Stewart*, *supra*, 188 Cal.App.2d 88, 91; *People* v. *Curtiss*, *supra*, 116 Cal.App.Supp. 771, 777.) As explained in *Curtiss*, corporal

punishment is unjustifiable when it is not warranted by the circumstances, i.e., not necessary, or when such punishment, although warranted, was excessive. (116 Cal.App. at p. Supp. 780.) "[B]oth the reasonableness of, and the necessity for, the punishment is to be determined by a jury, under the circumstances of each case." (*Id.*, at p. Supp. 777.)

"Thus as these cases make clear, whether the corporal punishment falls within the parameters of a parent's right to discipline involves consideration of not only the necessity for the punishment but also whether the amount of punishment was reasonable or excessive. Reasonableness and necessity therefore are not two separate defenses but rather two aspects of the single issue of parental right to discipline by physical punishment. . . ."

The reasonableness of the discipline is a question of fact to be determined objectively in light of the individual circumstances presented. (*People* v. *Deskin*, *supra*, 10 Cal.App.4th at 1402.) That which is reasonable force when administered by an open hand may constitute excessive force when delivered by some other object. As among objects themselves, spanking with a studded belt or the plug-end of an electrical cord cannot be equated with spanking with a lightweight paddle or a bedroom slipper.

Finally, we note that a child may be made a dependent of the juvenile court if he or she is subject to serious physical harm by a parent. Welfare and Institutions Code section 300 states in part:

"Any minor who comes within any of the following descriptions is with the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court.

"(a) The minor has suffered, or there is a substantial risk that the minor will suffer, serious physical harm inflicted non-accidentally upon the minor by the minor's parent or guardian. For the purpose of this subdivision, a court may find there is a substantial risk of serious future injury based on the manner in which a less serious injury was inflicted, a history of repeated inflictions of injuries on the minor or the minor's siblings or a combination of these and other actions by the parent or guardian which indicate the child is at risk of serious physical harm. For purposes of this subdivision, `serious physical harm' does not include reasonable and age-appropriate spanking to the buttocks where there is no evidence of serious physical injury.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"It is the intent of the Legislature that nothing in this section disrupt the family unnecessarily or intrude inappropriately into family life, prohibit the use of reasonable methods of parental discipline, or prescribe a particular method of parenting. . . ."

We conclude that it is not unlawful for a parent to spank a child for disciplinary purposes with an object other than the hand; however, the punishment must be necessary and not excessive in relation to the individual circumstances.

\* \* \* \* \*

Footnote No. 1
To "spank" normally means to slap on the buttocks with the palm of the hand, but it may also mean to use some other object. (Webster's New Internat. Dict. (3rd ed. 1971) p. 2182.) We are not here concerned with spankings administered by a teacher or school official (see *Ingraham* v. *Wright* (1976) 430 U.S. 651) or with corporal punishment administered by other authorities in settings outside of the home (see 78 Ops.Cal.Atty.Gen. 197 (1995) [use of a paddle to spank a ward of the juvenile court as punishment for placing graffiti on property]). We also note that corporal punishment of any type may not be administered by a foster parent. (Health & Safety Code, § 1531.5, subd. (d).) **Return to text**
Footnote No. 2
All section references hereinafter are to the Penal Code unless otherwise specified. **Return to text**

**Footnote No. 3**

In a prosecution under section 273d, "[t]here need not be found a deliberate intent to cause a traumatic condition, but only the more general intent to inflict upon a child any cruel or inhuman corporal punishment or injury." (*People* v. *Atkins* (1975) 53 Cal.App.3d 348, 358.)