[No. B090620. Second Dist., Div. Two. Sept. 27, 1995.]

DANIEL MIRANDA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Bruce A. Hoffman, Alternate Public Defender, Patrick Thomason and Seymour Applebaum, Deputy Alternate Public Defenders, for Petitioner.

No appearance for Respondent.

Gil Garcetti, Deputy District Attorney, Brentford Ferreira and Joseph N. Sorrentino, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**NOTT, J.**—Petitioner seeks a writ of prohibition directing the superior court to set aside its order denying his Penal Code section 995[1] motion to dismiss an allegation of prior felony convictions.

---

[1]All subsequent statutory references are to the Penal Code unless otherwise specified.

Petitioner, charged with two prior felony convictions under section 667, subdivisions (b) through (i)[2], popularly known as the "Three Strikes" law, makes a single contention: that the allegation charging him with two prior

---

[2]Penal Code section 667, subdivisions (b) to (i) was enacted as emergency legislation and became effective March 7, 1994. It provides as follows:

"(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as:

"(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:

"(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions.

"(ii) Imprisonment in the state prison for 25 years.

"(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

"(B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison.

"(f)(1) Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior felony conviction except as provided in paragraph (2).

"(2) the prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior conviction. If upon the satisfaction of the court that there is insufficient evidence to prove the prior felony conviction, the court may dismiss or strike the allegation.

"(g) Prior felony convictions shall not be used in plea bargaining as defined in subdivision (b) of Section 1192.7. The prosecution shall plead and prove all known prior felony

felony convictions should have been dismissed because no evidence to support the strike priors was adduced at the preliminary hearing.

We conclude the prosecution is not required to present evidence supporting prior felony allegations at the preliminary hearing. Accordingly, the petition is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

A complaint was filed charging petitioner in count 1 with felony possession of a controlled substance in violation of Health and Safety Code section 11350, and in count 2 with a misdemeanor violation of Health and Safety Code section 11364, possession of a drug injection device. As to count 1, he was charged, pursuant to section 667, subdivisions (b) through (i) with having been previously convicted of assault with a deadly weapon (§ 245), and of attempted robbery (§§ 211, 664).

Petitioner was held to answer on both the felony and misdemeanor counts. No evidence or testimony regarding the alleged strike priors was presented at the preliminary hearing.

On January 13, 1995, an information was filed charging petitioner with the same felony and misdemeanor counts set forth in the complaint, and the identical strike priors were realleged. Petitioner was arraigned, entered a plea of not guilty, and denied the allegations of the strike priors.

Petitioner then moved, in the superior court, to dismiss the strike allegations pursuant to section 995 on the basis that the prosecuting attorney was required to present evidence of the strike priors at the preliminary hearing, and his failure to do so required the strike allegations to be set aside. When the motion was denied, petitioner took this writ.

Petitioner contends the prosecution's failure to prove the section 667, subdivision (d) strike priors at the preliminary examination prevents inclusion of them in the information for the following three reasons: (1) the plain language of section 667, subdivisions (f) and (g) requires that the strike priors be proved at the preliminary hearing, (2) the strike priors are "components of the public offense and must [therefore] be proved at the preliminary hearing," and (3) "public policy requires a preliminary examination whenever [subdivision (d)] strike priors are alleged."

---

convictions and shall not enter into any agreement to strike or seek the dismissal of any prior felony conviction allegation except as provided in paragraph (2) of subdivision (f).
  "       .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     ."

DISCUSSION

■ Although a section 995[3] motion may be used in certain instances to challenge enhancement allegations (see *People* v. *Superior Court* (*Mendella*) (1983) 33 Cal.3d 754, 757 [191 Cal.Rptr. 1, 661 P.2d 1081]; *Ervin* v. *Superior Court* (1981) 119 Cal.App.3d 78, 89 [173 Cal.Rptr. 208]; *Ghent* v. *Superior Court* (1979) 90 Cal.App.3d 944 [153 Cal.Rptr. 720] (*Ghent*), we conclude that in this circumstance, an allegation made pursuant to section 667 subdivisions (b) through (i) may not be the subject of a section 995 motion to dismiss. We address petitioner's contention, however, to settle an important question of law.

We first examine petitioner's assertion that the "plead and prove" language contained within section 667, subdivisions (f) and (g) "command[s] the prosecuting attorney to both plead and prove all known section 667 [subdivision] (d) priors" at the preliminary hearing.

" 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' " (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].)

Subdivisions (f) and (g) of section 667 contain a list of discretion-limiting provisions directed to the prosecuting attorney. In addition to providing that the People shall plead and prove all known convictions, the subdivisions state that a prosecutor shall not plea bargain in a case involving a strike prior, shall not enter into any agreement to strike or seek the dismissal of any prior, and shall dismiss a prior only in the interest of justice and after review by the court.

Although subdivisions (f) and (g) of section 667 specifically require the People to plead and prove known strike priors, nothing contained within these subdivisions specifies *when* the prosecution is required to present this proof. Had the drafters of section 667 intended that evidence of a defendant's prior convictions be presented at the preliminary examination they would have crafted subdivisions (f) and (g) differently (e.g., "shall plead and prove all known prior convictions at the preliminary hearing"). Since no uncertainty or doubt about the meaning of the statute is apparent, the provision must be applied according to its terms without further judicial

---

[3]Section 995 provides in relevant part that the "information shall be set aside by the court in which the defendant is arraigned, upon his or her motion" if it is determined that "the defendant had been committed without reasonable or probable cause."

construction. (*In re Andrews* (1976) 18 Cal.3d 208, 212 [133 Cal.Rptr. 365, 555 P.2d 97].)

Petitioner claims the purpose of the "plead and prove" language contained within section 667, subdivisions (f) and (g) is to "expose the exercise of prosecutorial discretion to judicial and public scrutiny." In other words, if required to prove the strike priors at the preliminary hearing, the People will be less inclined to overcharge a defendant or to engage in other questionable tactics. Of course, other procedural devices are available to defendants to challenge prior conviction allegations. The provisions set forth in subdivisions (f) and (g) cannot reasonably be construed as creating the type of screening procedure envisioned by petitioner.

Petitioner, characterizing his strike priors as either "components of the public offense" or "sentencing factors," claims that they are required to be pled and proved at the preliminary hearing because they are used in a manner identical to those in sections 666, 666.5, 647.6 and Vehicle Code section 23175. We disagree.

Sections 666, 666.5,[4] 647.6[5] and Vehicle Code section 23175[6] are "sentence-enhancing" statutes. (See *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076] (*Bouzas*); *People* v. *Young* (1991) 234 Cal.App.3d 111, 115 [285 Cal.Rptr. 583] (*Young*); *People* v. *Whitten* (1994) 22 Cal.App.4th 1761, 1765 [28 Cal.Rptr.2d 123] (*Whitten*); *People* v. *Bowen* (1992) 11 Cal.App.4th 102, 106 [14 Cal.Rptr.2d 40] (*Bowen*).) Each provides that if a defendant previously has been convicted of certain specified crimes, his punishment for the crime with which he is currently charged may be increased.

By the provisions of section 666, for example, a petty theft may be charged as a felony if a defendant has been previously convicted of one of

---

[4]Section 666.5, subdivision (a) provides, in part: "Every person who, having been previously convicted of [grand theft auto or unlawful driving or taking], regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of these offenses shall be punished . . . ."

[5]By the provisions of section 647.6 "Every person who annoys or molests any child under the age of 18·is punishable by a fine . . . or by imprisonment in the county jail . . . or by both the fine and imprisonment. . . . Every person who violates this section after a previous felony conviction under this section, conviction under Section 288, or felony conviction under Section 311.4 involving a minor under the age of 14 years is punishable by imprisonment in the state prison for two, four, or six years. . . ."

[6]Vehicle Code, section 23175, subdivision (a) provides: "If any person is convicted of a violation of Section 23152 and the offense occurred within seven years of three or more separate violations of Section 23103, as specified in Section 23103.5, or Section 23152 or 23153, or any combination thereof, which resulted in convictions, that person shall be punished by imprisonment in the state prison, or in the county jail . . . ."

several theft-related crimes. Petitioner contends that section 667 acts in much the same way as section 666. He reasons that because of his two-strike priors the "minor felony of simple possession of heroin," has been elevated to a "severe felony of possession of heroin with strike priors." Petitioner reasons, therefore, that the strike priors—like a prior theft-related conviction under section 666—must be pled and proved at the preliminary hearing. Petitioner's invention of the new category of "minor felony" is unsupported in the law, and is nothing more than a creative attempt to circumvent the Three Strikes law. Section 667, subdivision (e)(2)(A)[7]—under which petitioner would be sentenced should he be found guilty and his strike priors be found true—is not an enhancement (*People* v. *Martin* (1995) 32 Cal.App.4th 656, pp. 666-668 [38 Cal.Rptr.2d 776].) Nor is it a "sentence-enhancing" statute as that term is used in *Bouzas, Young, Whitten* and *Bowen.* Subdivision (e)(2)(A) sets forth a self-contained sentencing scheme for certain habitual offenders which is designed solely to calculate the minimum term of an indeterminate life sentence. To that end, the statute sets forth three options, the greatest of which must be chosen as the minimum term, which then acts merely as a gauge of parole eligibility. Nothing contained within subdivision (e) suggests the Legislature intended that strike priors which are required to be considered by the sentencing court in calculating a defendant's sentence are to be proved at the preliminary hearing as a precondition to their later charge and proof at trial.

Petitioner next contends that public policy considerations require that strike priors be alleged and proved at the preliminary hearing. Relying on *Ghent, supra,* 90 Cal.App.3d 944,[8] petitioner claims that "the extreme consequences of strike priors require that they be proved at the preliminary examination."

In *Ghent,* the court held that a section 995 motion could be used to attack the sufficiency of the evidence to support a special circumstance allegation.

---

[7]Section 667, subdivision (a)(1) states: "In compliance with subdivision (b) of section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." Subdivision (a)(1), of course, provides for "an additional term of imprisonment added to the base term," and is, therefore, a "pure" enhancement as defined in California Rules of Court, rule 405(c). Such enhancements need not be proved at the preliminary hearing. (*People* v. *Shaw* (1986) 182 Cal.App.3d 682, 685 [227 Cal.Rptr. 378].)

[8]Petitioner also relies on a depublished opinion (*People* v. *Superior Court (Sholes)* (Cal.App.)) which held that special circumstances consisting entirely of a prior conviction of murder must be supported by a showing of probable cause sufficient to hold the accused to answer.

(*Ghent, supra,* 90 Cal.App.3d at p. 953.) In so holding the court noted that special circumstances are not "pure" enhancement allegations because they "may produce the penalty of death, which cannot realistically be equated with 'additional punishment' because it is *total* punishment. [Citation.]" (*Ibid.*) The court distinguished special circumstance allegations from "enhancement" allegations "on the stark basis that death is distinguishable from life." (*Ibid.*) The court also found that "[a] further distinction appears in the gross disparity between the consequences of 'enhancement' allegations, on the one hand, and allegations of special circumstances on the other." (*Ibid.*) The court then held that "[t]he distinctions also demonstrate that the People, as well as the accused, have an overriding interest in the assurance that these allegations are founded on perceptible evidence showing reasonable cause to make them and to assume their portentous consequences in a prosecution for murder. [Citation.] That assurance will be forthcoming only if the prosecuting authorities produce the requisite evidence at the preaccusatory inquiry on the murder charge *and* if its sufficiency to support the allegations may be tested in a pretrial procedure which includes appellate review." (*Id.* at p. 954.)

Petitioner, of course, is not faced with the prospect of death, and the prior convictions with which he is charged do not form the basis for a special circumstance allegation under section 190.2. Thus, the "gross disparity" apparent in *Ghent* is not present here.

An accused's criminal history is not always fully known to a prosecuting agency at either the time of arrest or preliminary hearing. It is for this reason that section 969a permits amendment of the information and rearraignment of the defendant "[w]henever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted." Petitioner has offered no persuasive reason why section 969a should not be applied in a three strikes case.

We conclude that the People are not required to prove strike priors alleged pursuant to section 667, subdivision (d) at the preliminary hearing.

Accordingly, the alternative writ is discharged. The petition for writ of prohibition is denied. The stay imposed on April 10, 1995, is dismissed.

Boren, P. J., and Fukuto, J., concurred.

Petitioner's application for review by the Supreme Court was denied January 4, 1996. Kennard, J., and George, J., were of the opinion that the application should be granted.