[No. D043106. Fourth Dist., Div. One. Sept. 14, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN RASHUN ROBINSON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[1]]**

---

[1] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

COUNSEL

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Steven T. Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BENKE, Acting P. J.— On June 30, 2003, the San Diego County District Attorney filed a complaint, charging Kevin Rashun Robinson with two counts of robbery in violation of Penal Code[2] section 211, with two prior prison term enhancements under section 667.5, subdivision (b), and with two or more felony convictions making him presumptively ineligible for probation pursuant to section 1203, subdivision (e)(4). At a preliminary hearing on July 15, 2003, the court held Robinson to answer on both robbery counts and the complaint became the information.

On September 11, 2003, the prosecution made a motion to amend the information by adding a count of petty theft under section 484 with a prior

---

[2] All further statutory references are to the Penal Code unless otherwise specified.

theft-related offense under section 666. Robinson did not object to this amendment and the court accepted it.

Robinson pleaded not guilty and denied the special allegations. A bifurcated jury trial began on September 12, 2003, and four days later the jury acquitted him of the two robbery counts but found him guilty of petty theft. After he waived his right to jury trial, the trial court found the prior prison term enhancements true and sentenced him to a total of four years in prison, including two years for the petty theft count and one year for each of the two prison priors.

On appeal, he argues his counsel was ineffective for failure to object to amendment of the information, his failure to preserve evidence resulting in deprivation of constitutional rights and impermissible opinion testimony, and the evidence is insufficient to support his conviction. We affirm the judgment.

## BACKGROUND

On June 23, 2003, appellant entered a Ralphs grocery market and began walking back and forth in the liquor aisle near a display case of Jack Daniels. He cast occasional glances at two Ralphs employees working in the nearby meat department. The employees, David Pena and Mario Garcia, thought his actions were unusual. After Pena returned from a storeroom, during which time he did not observe appellant, he saw him take one bottle of Jack Daniels from the shelf and put it in his jacket. He asked appellant to put the whiskey back. Appellant responded by saying, "It's expensive here, man" and then walked away. Pena did not see appellant touch any other bottles.

Pena believed a theft was in progress and he signaled Garcia for help to stop it. As he was walking down the liquor aisle, Garcia picked up two security tags lying on the floor close to where appellant was standing. The security tags, which the store attaches to liquor bottles such as Jack Daniels, trigger a sensor at the front of the store if they are not properly deactivated by the cashier, and an alarm will sound. Garcia picked up the two security tags and discovered one of them had part of a label attached to it. Neither employee saw appellant remove security tags from anything.

Appellant walked out of the store and both Pena and Garcia followed him. According to Garcia, appellant was not holding anything as he left the store, he did not stop to pay for anything, and the security sensor at the front doors did not sound when appellant walked past them. The Ralphs employees saw appellant pick up a bag lying on the sidewalk. Garcia approached him, identified himself as a Ralphs employee and asked him to give the liquor back. In exchange for returning it, Garcia said they would let appellant go without calling the police.

Appellant responded by swearing and becoming aggressive. He denied he had anything and claimed to have put the bottle back on the shelf. When the employees asked him to return to the store, he tried to "move [them] out of the way" or "manpower himself" through them. Appellant hit Garcia on the shoulder.

After the initial scuffle, appellant moved away from the Ralphs employees. As he walked across the street, he removed a bottle of Jack Daniels from his pants and threw it at Garcia, shattering the bottle to pieces at Garcia's feet. Appellant began to run and a second bottle fell from his pants. The top of the bottle broke off. Appellant ran into a Greyhound bus station where the Ralphs employees saw him take off his hat and place it under his jacket. When he left the station, the two employees confronted him again and wrestled him to the ground with the help of additional Ralphs employees and sheriff's deputies from the nearby county courthouse. The deputies arrested appellant.

San Diego Police Officer Jeffrey Gross arrived at the scene and took pictures of a broken bottle of Jack Daniels lying on the concrete in front of the store. Someone had already cleaned up the bottle that shattered at Garcia's feet. Both Garcia and Officer Gross testified a piece of label attached to one of the security tags Garcia had picked up inside the store matched the torn label on the remaining bottle. Officer Gross said it "matched like a jigsaw puzzle," although he admitted that he never "literally pull[ed] it up [next to the bottle] and say they match[ed]." Officer Gross did not impound the bottle because it was open and leaking and would have been difficult to store. He testified it was departmental policy to take pictures of food items but not to impound them, although the picture he took did not show the back of the label and the tear which supposedly matched the piece of label attached to the security tag. He returned the bottle to Garcia.

## DISCUSSION

### I

*Defense counsel was not ineffective for failing to object to the prosecution's motion to amend the information to charge petty theft with a prior.*

Appellant contends he received ineffective assistance of counsel when his attorney did not object to the prosecution's motion to amend the information to include a charge of petty theft with a prior theft-related offense pursuant to

section 666 without first proving the prior theft-related offense at the preliminary hearing. We examine this argument first because if appellant prevails on this ground, the remaining issues are moot.

■ In order to prevail on a claim his counsel was ineffective for failure to object to the amendment, appellant must demonstrate counsel's performance was deficient under an objective standard of responsibility and that there is a reasonable probability that but for counsel's error, a determination more favorable to him would have resulted. (*People v. Holt* (1997) 15 Cal.4th 619, 703 [63 Cal.Rptr.2d 782, 937 P.2d 213].) If the record does not reflect why defense counsel acted, or failed to act, in the manner challenged, the case will be affirmed unless counsel failed to provide an explanation when asked, or there is no possible satisfactory explanation. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [62 Cal.Rptr.2d 437, 933 P.2d 1134] .)

Appellant contends the amendment here violated section 1009, which prohibits the amendment of any information to charge an offense not shown by the evidence taken at the preliminary examination. He argues that because the prosecution did not adduce evidence at the preliminary hearing proving he committed a prior theft-related offense and did not prove he had served a prison sentence for that offense, the prosecution could not later amend the information to charge him with a felony based on his prior theft-related convictions. We disagree.

■ Section 666 does not establish a separate substantive offense of petty theft with a prior conviction. It is a discretionary sentencing statute which, upon the establishment of a qualifying prior conviction, allows the trial court to punish petty theft as either a felony or a misdemeanor. (*People v. Bouzas* (1991) 53 Cal.3d 467, 471 [279 Cal.Rptr. 847, 807 P.2d 1076].) In this respect, section 666 operates in the same manner as the three strikes law and section 667.71; it does not establish an enhancement, but rather establishes an alternate and elevated penalty for a petty theft conviction when a recidivist defendant has served a prior term in a penal institution for a listed offense. (*People v. Murphy* (2001) 25 Cal.4th 136, 155 [105 Cal.Rptr.2d 387, 19 P.3d 1129]; *People v. Tardy* (2003) 112 Cal.App.4th 783, 787 [6 Cal.Rptr.3d 24].) Thus evidence supporting the existence of the prior convictions need not be adduced at the preliminary hearing (see *Thompson v. Superior Court* (2001) 91 Cal.App.4th 144, 150–151 [110 Cal.Rptr.2d 89]; *Miranda v. Superior Court* (1995) 38 Cal.App.4th 902, 906–907 [45 Cal.Rptr.2d 498]), and section

666 need not be specifically pleaded in the information or indictment. (*People v. Tardy, supra,* 112 Cal.App.4th at pp. 786–787.)[3]

■ We also disagree with appellant's claim he was denied due process for failure to adduce evidence of the prior convictions at the preliminary hearing. Due process requires the pleading apprise the defendant of the potential for an enhanced penalty and allege every fact and circumstance necessary to establish the increased penalty. (*People v. Thomas* (1987) 43 Cal.3d 818, 826 [239 Cal.Rptr. 307, 740 P.2d 419]; *People v. Tardy, supra,* 112 Cal.App.4th at p. 787.) Here the complaint charging appellant with two counts of robbery necessarily put him on notice that he could also be convicted of the necessarily lesser included offense of petty theft. (*People v. Ortega* (1998) 19 Cal.4th 686, 697 [80 Cal.Rptr.2d 489, 968 P.2d 48].) For purposes of probation denial under section 1203, subdivision (e)(4), the complaint enumerated six prior felony convictions, two of them for felony petty thefts pursuant to sections 666 and 484. One of the two felony petty theft priors was also alleged as a prison prior under sections 667.5, subdivision (b) , and 668. The amended information expressly charged the crime of petty theft with a prior petty theft (§§ 484, 666) and alleged the same two prior theft-related offenses previously set forth in the complaint. Appellant was found guilty of petty theft by a jury. In a bifurcated trial the court expressly found the priors to be true. On these facts we conclude appellant was from the outset apprised of the potential for increased penalty and each fact and circumstance necessary to establish that increased penalty. He was not denied due process.

■ Regardless, appellant has not shown " ' "there simply could be no satisfactory explanation" ' [citation] for counsel's failure to object." (*People v. Burnett* (1999) 71 Cal.App.4th 151, 181 [83 Cal.Rptr.2d 629].) Without that showing we cannot find incompetence. Even assuming the prosecution must prove the prior theft-related offense at the preliminary

---

[3] Appellant's reliance on *Thompson* and *Miranda* for the proposition that a preliminary hearing must be held to determine the existence of priors for purposes of section 666 is misplaced. Although *Thompson* contains language alluding to a procedural necessity to determine priors at the preliminary hearing where the prior will elevate an offense from a misdemeanor to a felony (*Thompson v. Superior Court, supra,* 91 Cal.App.4th at pp. 150–151), and *Miranda* assumes section 666 is a sentence-enhancing statute that must be pleaded and proved at a preliminary hearing (*Miranda v. Superior Court, supra,* 38 Cal.App.4th at pp. 907–908), neither case had the present issue before it. In each case section 666 is addressed in dicta, in *Thompson* as a concession by the People and in *Miranda* as part of a comparison made by the defendant. Most importantly, *Thompson* and *Miranda* stand squarely for the proposition that priors alleged under the three strikes law need not be proved at a preliminary hearing. Following clarification by the Supreme Court that priors under section 666 are to be treated the same as three strike priors, it follows that those cases support the proposition that priors used to elevate petty theft to a felony need not be proved at a preliminary hearing.

hearing, defense counsel may well have had reasonable tactical grounds for not doing so. For example, reasonable defense counsel would have recognized that if he objected to amending the petition, the prosecution could simply have moved to dismiss the charges and refile with the new count. Under such circumstances, all defense counsel would have gained by objecting would have been delay. We find the amendment was proper and appellant did not suffer ineffectiveness of counsel.

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Haller, J., and Aaron, J., concurred.

On October 4, 2004, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 15, 2004.

---

*See footnote, *ante*, page 275.