[No. B195363. Second Dist., Div. Eight. Dec. 17, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO ESPINOZA VILLA, Defendant and Appellant.

COUNSEL

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M. Roadarmel, Jr., and Sonya Won, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FLIER, J.—Antonio Espinoza Villa (appellant) was convicted of one count of second degree robbery (Pen. Code, § 211), for which the alleged victim was a store employee.[1] He also was convicted of one count of petty theft with a prior theft-related conviction (§ 666), for which the alleged victim was the store itself. We will refer to that crime as petty theft with a prior. He contends: (1) There was insufficient evidence that he committed robbery. (2) His conviction for petty theft with a prior must be stricken, as he cannot be convicted both of robbery and of petty theft with a prior, arising from the same incident. (3) The amount of the court security fee must be reduced.

We find that there was sufficient evidence that appellant committed robbery (count 1). We hold that a defendant cannot be convicted both of robbery and petty theft with a prior, arising from the same incident, because the prior conviction is a sentencing factor, rather than an element, so petty theft with a prior is a lesser included offense of robbery. We therefore strike count 3, and order a corresponding reduction in the court security fee.

## PROCEDURAL HISTORY AND FACTS

Count 1 alleged the second degree robbery of Angel Meza, the store employee. Count 2 alleged the second degree robbery of Juan Manuel Canales, a customer at the store. Count 3 alleged petty theft with a prior, for which the victim was RadioShack. The prior conviction specified in count 3 was a 2000 conviction for petty theft with a prior. The information further alleged eight prior prison term enhancements, for the purpose of section 667.5, subdivision (b).

---

[1] Subsequent code references are to the Penal Code unless otherwise stated.

Before the trial started, appellant admitted the 2000 prior conviction, solely for the purpose of count 3.

The evidence showed that Meza heard a store alarm go off as he was showing cell phones to Canales. The alarm was coming from a display of car navigation systems (GPS) about 20 feet away. Meza then saw appellant walking away from the display, holding a Magellan GPS. Meza yelled at appellant to stop. Appellant left the store without paying for the system. Meza and Canales followed appellant out of the store. Appellant pedaled off on a bicycle. Meza and Canales chased him on foot, still yelling at him to stop. Appellant extended his arm and pointed a silver-colored metal object at Meza and Canales, for about 10 seconds, from a distance of 12 to 15 feet. Meza and Canales believed that the object was a gun. They gave up the chase and returned to the store. They described what had happened to another store employee, Ralph Villafranca. He got into his car, drove around, and spotted appellant on the bicycle. Appellant stopped at a warehouse, dropped something, and went on toward other warehouses. Villafranca called the police on a cell phone. They arrived and detained appellant. Canales was brought to the location, and identified appellant. Appellant had a metal cigarette lighter, but no gun, on his person. Canales thought the lighter was the object appellant had pointed during the incident.

The GPS was not recovered. It was worth $299.

At the conclusion of the People's case, the court struck count 2, the robbery count involving Canales. It refused to strike count 3.

No defense was presented.

The jury found appellant guilty of counts 1 and 3. He later admitted all of the prison priors.

The trial court imposed a 10-year prison sentence, based on the five-year upper term for count 1, plus five consecutive one-year terms for five prison priors. It imposed the upper term of three years on count 3, but stayed that count, pursuant to section 654. The remaining prison priors were stricken in the interest of justice.

This appeal followed.

## DISCUSSION

1. *Sufficiency of the Evidence for Robbery*

Appellant contends that there was insufficient evidence that he took property from the immediate presence of another by means of force or fear.

Utilizing the appropriate standard of review (*People v. Catlin* (2001) 26 Cal.4th 81, 139 [109 Cal.Rptr.2d 31, 26 P.3d 357]), we find sufficient evidence that appellant committed robbery.

■ "In this state, it is settled that a robbery is not completed at the moment the robber obtains possession of the stolen property and that the crime of robbery includes the element of asportation, the robber's escape with the loot being considered as important in the commission of the crime as gaining possession of the property. [Citations.] [¶] Accordingly, if one who has stolen property from the person of another uses force or fear in removing, or attempting to remove, the property from the owner's immediate presence, as defendant did here, the crime of robbery has been committed." (*People v. Anderson* (1966) 64 Cal.2d 633, 638 [51 Cal.Rptr. 238, 414 P.2d 366]; see also *People v. Estes* (1983) 147 Cal.App.3d 23, 27–28 [194 Cal.Rptr. 909] (*Estes*).)

Based on the above principles, there was sufficient evidence of a taking by means of force or fear. Appellant facilitated his escape with the stolen property, and prevented Meza from regaining it, by pretending to point a gun at Meza. His action caused Meza to discontinue the chase, to avoid being shot. Using the metallic object to induce fear established the fear element of robbery.

Since the crime of robbery was established during the chase, we need not address the parties' arguments regarding whether the crime was established while appellant was still inside the store.

2. *Count 3 Was a Lesser Included Offense of Count 1*

Appellant was convicted of robbing the victim Meza (§ 211; count 1), and petty theft with a prior from the victim RadioShack (§ 666; count 3). The trial court stayed count 3, pursuant to section 654. It refused to strike count 3, ruling that petty theft with a prior is not a lesser included offense of robbery, because it includes the element of a prior conviction, which is not an element of robbery. That ruling overlooked the fact that the prior conviction is a sentencing factor, and not an element.

Section 666 states, in pertinent part: "Every person who, having been convicted of petty theft . . . and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petty theft, then the person con-

victed of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

■ In general, a defendant may receive multiple convictions for offenses arising out of a single act or course of conduct, but not multiple punishments, due to section 654. There is an exception, as multiple convictions may not be based on necessarily included offenses. The test for necessarily included offenses is whether an offense cannot be committed without necessarily committing another offense. (*People v. Ortega* (1998) 19 Cal.4th 686, 692 [80 Cal.Rptr.2d 489, 968 P.2d 48] (*Ortega*); *People v. Reed* (2006) 38 Cal.4th 1224, 1226–1227 [45 Cal.Rptr.3d 353, 137 P.3d 184].)

■ Theft is a lesser included offense of robbery. (*People v. Ledesma* (2006) 39 Cal.4th 641, 715 [47 Cal.Rptr.3d 326, 140 P.3d 657].) Robbery has the elements of theft plus an additional element, use of force or fear. (*Ortega, supra,* 19 Cal.4th at p. 694.) Therefore, a defendant cannot be convicted of both robbery and theft arising from the same course of conduct. (*Id.* at p. 699.)

Applying those principles, *Ortega* ruled that the defendants could not be convicted both of robbing the victim Rubio and stealing his van during a single course of conduct. (*Ortega, supra,* 19 Cal.4th at pp. 699–700.) However, the defendants could be convicted of both carjacking and grand theft, based on the taking of the van, because each of those crimes had elements that were not required for the other. (*Id.* at p. 693.)

Similarly, in *Estes, supra,* 147 Cal.App.3d 23, the defendant left a Sears store with unpaid-for merchandise, and then used a knife to threaten a security guard who followed him out of the store. The court held that the defendant could not be convicted both of petty theft from the store and robbery of the security guard. It explained: "The theft of the property from Tatem [the security guard] was also a theft from the Sears store since Tatem, as Sears' agent, was in constructive possession of the merchandise. Therefore, the theft from the store was a lesser included offense to the robbery of Tatem. Since there is substantial evidence to support the conviction of robbery, we must reverse the conviction for petty theft." (*Id.* at p. 29.)

■ Here, the trial court erred in ruling that the prior conviction was an element of the crime of petty theft with a prior. "[T]he prior conviction and incarceration requirement of section 666 is a sentencing factor for the trial court and not an 'element' of the section 666 'offense' that must be

determined by a jury." (*People v. Bouzas* (1991) 53 Cal.3d 467, 480 [279 Cal.Rptr. 847, 807 P.2d 1076]; see also *People v. Robinson* (2004) 122 Cal.App.4th 275, 281 [18 Cal.Rptr.3d 744]; 3 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Punishment, § 334, p. 431.) Since the prior conviction is not an element, the crime in count 3 was theft, making it a lesser included offense of the robbery in count 1 under *Ortega, supra,* 19 Cal.4th 686, and *Estes, supra,* 147 Cal.App.3d 23.

Respondent argues that appellant may be convicted of both count 1 and count 3 because the counts had different alleged victims, Meza and the RadioShack store. We reject that argument for the same reason that the *Estes* court did. Meza was the agent of his employer, RadioShack, so the crimes had the same victim, legally, even though the information alleged the employee and the store as two separate victims.

Respondent cites cases authorizing separate robbery convictions for each person to whom force or fear is applied, during a single incident. (See, e.g., *People v. Champion* (1995) 9 Cal.4th 879, 934–935 [39 Cal.Rptr.2d 547, 891 P.2d 93], overruled on another point in *People v. Combs* (2004) 34 Cal.4th 821, 860 [22 Cal.Rptr.3d 61, 101 P.3d 1007]; *People v. Miller* (1977) 18 Cal.3d 873, 880–881 [135 Cal.Rptr. 654, 558 P.2d 552], overruled on another point in *People v. Oates* (2004) 32 Cal.4th 1048, 1056 [12 Cal.Rptr.3d 325, 88 P.3d 56]; *People v. Jones* (2000) 82 Cal.App.4th 485, 489–492 [98 Cal.Rptr.2d 329]; *People v. Prieto* (1993) 15 Cal.App.4th 210, 213–215 [18 Cal.Rptr.2d 761].) Those cases are inapposite, as they do not involve the employee and the store as the victims. In that situation, multiple convictions are inappropriate under *Estes, supra,* 147 Cal.App.3d at page 29.

We therefore conclude that appellant's conviction on count 3 must be reversed.

3. *The Court Security Fee*

The trial court imposed a $40 fee pursuant to section 1465.8, subdivision (a)(1), which provides: "To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed on every conviction for a criminal offense . . . ." Since we strike appellant's conviction on count 3, leaving his conviction on count 2, the court security fee must be reduced to $20.

## DISPOSITION

The conviction on count 3 is reversed. The court security fee is reduced from $40 to $20. In all other respects, the judgment is affirmed.

Cooper, P. J., and Rubin, J., concurred.

A petition for a rehearing was denied January 15, 2008, and appellant's petition for review by the Supreme Court was denied February 27, 2008, S160236. George, C. J., and Corrigan, J., did not participate therein.