Filed 8/25/14  P. v. Vasquez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047787 |
| v. | (Super. Ct. No. 11NF3081) |
| ALBERTO JUNIOR VASQUEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, William R. Froeberg, Judge.  Affirmed as modified.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Alberto Junior Vasquez appeals following his guilty plea on carjacking and robbery charges. He argues the trial court committed two errors in sentencing: (1) imposing a weapon use enhancement pursuant to Penal Code section 12022, subdivision (b)(2),[1] because that enhancement was never included in the information nor admitted by defendant; (2) failing to stay the punishment for robbery pursuant to section 654. He further asserts his waiver of his right to appeal following the guilty plea does not encompass these errors.

We affirm the weapon use enhancement pursuant to section 12022, subdivision (b)(2). We find the trial court erred, however, in not staying the sentence for robbery under section 654. Because his sentence was to run concurrently on the robbery and carjacking charges, we need not remand for resentencing, and instead correct the sentence by modification.

I

FACTS

We draw the facts primarily from the preliminary hearing transcript. On October 16, 2011, defendant and codefendant Anthony Martinez approached the victim, Jorge E., who was standing outside of his car. Martinez brandished a steak knife, made stabbing motions towards the victim, and demanded his car keys. After Jorge E. handed Martinez the car keys, Martinez demanded the victim's wallet and Jorge E. complied. During this encounter, defendant stood nearby, holding a baseball bat. After receiving Jorge E.'s wallet, defendant and Martinez drove away in Jorge E.'s car. Jorge E. reported the incident. A Santa Ana police officer saw Jorge E.'s SUV, driven by defendant, with Martinez in the passenger seat. After a brief pursuit, partly on foot, defendant and Martinez were arrested.

---

[1] All subsequent statutory references are to the Penal Code.

On December 12, 2011, the Orange County District Attorney filed an information charging defendant in count one with carjacking (§ 215, subd. (a)); in count three[2] with resisting a police officer (§ 148, subd. (a)(1)); and in count four with second degree robbery (§§ 211, 212.5, subd. (c)). The trial court later granted the prosecution's motion to dismiss count three.

The information also alleged defendant used a dangerous and deadly weapon in the commission and attempted commission of counts one and four (§ 12022, subd. (b)(1)) and that defendant had a prior strike under the "Three Strikes" law (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

On May 7, 2012 defendant pled guilty to counts one and four and admitted the weapons enhancement was true as to each count. Defendant also admitted the truth of the prior strike and felony convictions. On the plea form, which he signed, defendant stated he "understood that [he was] pleading guilty, and admitting the following offenses, special punishment allegations, and prior convictions, carrying the possible penalties" as follows:

| Count | Charge | Sentence Range | Enhancements | Yrs. | Term for Priors | Yrs. | Total Penalty years |
|-------|--------|----------------|--------------|------|-----------------|------|---------------------|
| 1 | PC 215(a) | 3-5-9 | 12022(b)(1) | 1-2-3 | 667(d)(e)(1) | x2 | |
| 4 | PC 211/ 212.5 (c) | 2-3-5 | 12022(b)(1) | 1 | 667(a)(1) | +5 | |
| | | | | | | | 29 years |

---

2  Count two applied to Martinez only.

On December 7, 2012, defendant was sentenced to an aggregate term of 17 years. For count one, the trial court imposed five years, doubled to 10 under the Three Strikes law, plus two years for an enhancement under section 12022, subdivision (b)(2).[3] As to count four, defendant was sentenced to three years, doubled to six under the Three Strikes law, plus one year for the section 12022, subdivision (b)(1), enhancement, to run concurrently to count one. Defendant filed a timely appeal, but did not obtain a certificate of probable cause.

## II

## DISCUSSION

### A. *Certificate of Probable Cause*

Defendant offers two arguments. First, he claims his sentence on count one, carjacking, was incorrectly enhanced under section 12022, subdivision (b)(2), because subdivision (b)(1), not (b)(2), was alleged in the information and listed on the plea form. Second, he argues his sentence on count four, robbery, should have been stayed pursuant to section 654 rather than running concurrently with the carjacking count.

The Attorney General argues defendant's section 12022 claim should be dismissed because he failed to obtain a certificate of probable cause, and he waived the right to appeal. Generally, an appeal from a trial court judgment after a guilty plea requires a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(1).) However, when an appeal attacks grounds that rise after entry of the plea and does not

---

[3]    The minutes and the reporter's transcript state defendant was sentenced under section 12022, subdivision (b)(1), which provides for an additional consecutive term of one year for the use of a dangerous or deadly weapon. Immediately prior to issuing the sentence, however, the trial judge stated, "Penal Code section 12022 (b)(2) provides that if the person described in paragraph one has been convicted of carjacking or attempted carjacking, the additional term shall be one, two or, three years." Because the trial judge imposed the midterm for each crime and enhancement, and defendant pled guilty to carjacking, it is clear the judge intended to enhance defendant's sentence per section 12022, subdivision (b)(2).

attack the validity of a defendant's underlying plea, acquisition of a certificate of probable cause is not prerequisite to appellate review. (*People v. Williams* (2007) 156 Cal.App.4th 898, 910; Cal. Rules of Court, rule 8.304(b)(4)(B).)

The crucial question is whether or not defendant's weapon enhancement under section 12022, subdivision (b)(2), and his section 654 allegation are "in substance a challenge to the validity of his plea. [Citations.] In other words, the question is whether defendant 'seeks only to raise [an] issue[ ] reserved by the plea agreement, and as to which he did not expressly waive the right to appeal. [Citations.]'" (*People v. Cuevas* (2008) 44 Cal.4th 374, 381.)

Defendant argues the trial court erred when it imposed a weapon enhancement pursuant to section 12022, subdivision (b)(2); therefore, the sentence is unauthorized. Defendant attempts to frame the error as a sentencing error. He contends this error does not affect the validity of the plea; therefore, a certificate of probable cause is unnecessary. We will assume, without deciding, a certificate of probable cause is not required and defendant did not waive his right to appeal. Despite an apparent scrivener's error on the information and defendant's plea agreement, both the plea and sentence were valid.

*B. Section 12022, Subdivision (b)(2) Enhancement*

"A claim that a sentence is unauthorized . . . may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court. [Citations.]" (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstances in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

According to defendant, the sentence is unauthorized because he neither pled to nor admitted the enhancement under section 12022, subdivision (b)(2). This

claim fails because the plea form indicates defendant knew he was pleading guilty to an enhancement stemming from his use of a dangerous weapon during the commission of a carjacking, and he therefore knew he was subject to an penalty enhancement of up to three years.

Section 12022, subdivision (b)(1) authorizes an additional and consecutive one-year term of imprisonment for use of a dangerous weapon in the commission of a felony. Section 12022, subdivision (b)(2) states, "If the person described in paragraph (1) has been convicted of carjacking or attempted carjacking, the additional term shall be in the state prison for one, two, or three years." (§ 12022, subd. (b)(2).) The plea form signed by defendant shows he pled guilty to the enhancement section 12022, subdivision (b)(1), for the second degree robbery charge, with a penalty enhancement of one year. He also pled to another enhancement under section 12022, subdivision (b)(1), for the carjacking charge, with a possible "1-2-3" years for the penalty enhancement, as set forth on the plea form. In another section of the plea form, defendant offered the following as the basis for his guilty plea: "[A]nd during the commission of the above described carjacking and robbery, I personally used a wooden baseball bat as a deadly weapon."

During sentencing, the trial court clarified both subdivisions (b)(1) and (b)(2): "Penal code section 12022[] (b)(1) provides for an additional consecutive term of one year for the use of a dangerous or deadly weapon. Penal code section 12022 (b)(2) provides that if the person described in paragraph one has been convicted of carjacking or attempted carjacking, the additional term shall be one, two, or three years." When the trial court read defendant's sentence, however, it referred to the carjacking enhancement as section 12022, subdivision (b)(1): "Pursuant to the provisions of Penal Code section 667(d) and (e)(1), the sentence on count one, five years, is doubled to ten. The defendant is also sentenced to the term of two years on the 12022[] (b)(1) enhancement."

It is evident the information and the plea form contained a scrivener's error and should have specified the sentence would be imposed under section 12022,

6

subdivision (b)(2) rather than (b)(1). Nonetheless, the plea form made the consequences of defendant's plea clear. Defendant was apprised the potential of an enhanced penalty for use of a dangerous weapon during the commission of a carjacking and defendant knew he faced up to three years imprisonment because of the enhancement. Defendant's plea supported the increased penalty. (See *People v. Robinson* (2004) 122 Cal.App.4th 275, 282.) For this reason, defendant's claim of a due process violation, based on lack of notice, is meritless.

Defendant further claims the two-year sentence is unauthorized under section 12022, subdivision (b)(1), because "parties may not enter into a negotiated disposition, either by negligence or design, which specifies a sentence not authorized by law." (*People v. Velasquez* (1999) 69 Cal.App.4th 503, 505.) Because section 12022, subdivision (b)(1) only authorizes a one year enhancement, defendant contends the trial court erred in sentencing defendant to two years.

California law requires that "[a]ll enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (§ 1170.1, subd. (e).) However, a defendant may consent to a trial court considering an uncharged enhancement allegation. (*People v. Haskin* (1992) 4 Cal.App.4th 1434, 1438.) The record reflects that defendant agreed to an enhancement of up to three years for carjacking with a dangerous weapon. Given the totality of the record, the labeling of section 12022, subdivision (b)(1) on the plea form as the enhancement corresponding with carjacking appears to be a scrivener's error that did not affect defendant's plea or sentence.

Even if we were to assume defendant intended to plead to the enhancement under section 12022, subdivision (b)(1) and the court nonetheless sentenced defendant under subdivision (b)(2), defendant's claim still fails. *People v. Neal* (1984) 159 Cal.App.3d 69 (*Neal*) is instructive. In *Neal*, the information alleged defendant used a deadly weapon during the commission of rape and oral copulation, within the meaning of

7

section 12022, subdivision (b), which allowed an additional one-year imprisonment. (*Neal*, *supra*, 159 Cal.App.3d at p. 72.) The jury found weapons enhancement true as to each crime. The trial court, however, increased the imprisonment to three years per crime, relying on section 12022.3. Section 12022.3 provides an enhancement for using dangerous weapons during the commission or attempted commission of certain sex crimes. (*Neal*, *supra*, 159 Cal.App.3d at p. 72.)

On appeal, defendant argued the three-year enhancements should be modified to one year because the information relied on section 12022, subdivision (b), rather than section 12022.3. (*Neal*, *supra*, 159 Cal.App.3d at p. 72.) The *Neal* court held, "[W]here the information puts the defendant on notice that a sentence enhancement will be sought, and further notifies him of the facts supporting the alleged enhancement, modification of the judgment for a misstatement of the underlying enhancement statute is required only where the defendant has been misled to his prejudice. [Citations.]" (*Id*. at pp. 73-74.) Because the defendant could not demonstrate prejudice, the sentence was not reduced. (*Id*. at p. 74.)

Similarly, this information alleged a weapon enhancement for carjacking, pursuant to section 12022, subdivision (b)(1), but the court imposed an enhancement based on defendant's plea. Defendant was, or should have been aware, the prosecutor was seeking up to three years imprisonment for use of a dangerous weapon in the course of carjacking, based on his own plea agreement and admitted facts.

Defendant questions whether *Neal* appropriately applied the law, because when a prosecutor fails to prove or plead a specific enhancement, the proper framework is "the doctrine[] of waiver and estoppels, rather than harmless error . . . ." (*People v. Mancebo* (2002) 27 Cal.4th 735, 749.) Defendant also attempts to distinguish *Neal*. Defendant alleges he suffered prejudice because he could have logically concluded he was facing a one-year enhancement for carjacking with a dangerous weapon, instead of the three years authorized under section 12022, subdivision (b)(2). These arguments are

8

unconvincing. It is implausible defendant could have believed he was only subject to an additional year for the carjacking enhancement, when the plea form clearly indicated he faced up to three years. The scrivener's error on the plea form by writing the wrong subdivision was not prejudicial and defendant is not entitled to a reduction in sentence.

*C. Section 654*

Defendant alleges the trial court erred when it failed to stay the punishment on count four, robbery, pursuant to section 654. Defendant claims he is not prohibited from raising a section 654 claim and he is correct. Because defendant's plea was an "open plea," he has not waived his right to appeal, and he does not require a certificate of probable cause in order to attack the sentence as unauthorized.

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

The statute therefore "prohibits punishment for two crimes arising from a single, indivisible course of conduct. [Citation.] If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once." (*People v. Perry* (2007) 154 Cal.App.4th 1521, 1525.) Whether a course of conduct is indivisible depends upon the perpetrator's intent and objective. (*Neal v. State* (1960) 55 Cal.2d 11, 19, disapproved on other grounds in *People v. Correa* (2012) 54 Cal.4th 331, 341.)

A lack of a section 654 stay will be upheld if substantial evidence supports the trial court's determination that defendant harbored different objectives when he committed the carjacking and the robbery. (See *People v. Coleman* (1989) 48 Cal.3d

9

112, 162.)  Defendant argues the evidence establishing multiple intents is insufficient because the two offenses stemmed from the same criminal conduct.

Generally, "'the theft of several articles at one same time constitutes but one offense.'"  (*People v. Dominguez* (1995) 38 Cal.App.4th 410, 420 (*Dominguez*).)  For example, the *Dominguez* victim gave the defendant both his jewelry and vehicle in response to defendant's demanding, "'Give me everything you have.'"  (*Id.* at p. 414.)  The trial court's determination that the robbery and carjacking were pursuant to a single criminal objective was upheld.  The Attorney General attempts to distinguish *Dominguez* because the trial court here made an express finding that section 654 did not apply.  The objectives for each count were different:  "In that the objectives to counts one and two were different, that is, an automobile in count one and a wallet in count two, 654 does not apply."

Stealing multiple objects, however, does not mean section 654 is automatically inapplicable, as the *Dominguez* court held.  Here, Martinez ordered Jorge E. to give Martinez his car keys and then directed him to hand over his wallet.  Defendant, who was standing nearby with a baseball bat, then joined Martinez in the car and drove away.  The robbery and carjacking occurred at nearly the same time and at the same location.  Even the prosecutor conceded, in his sentencing brief, that the robbery and carjacking merged within the meaning of section 654, citing *Dominguez*.[4] *Dominguez* is applicable here.  Based on the record, we cannot say defendant harbored multiple intents and objectives.  Therefore, the sentence on the robbery count should have been stayed pursuant to section 654.

---

[4]    "The People concede that, based on the underlying circumstances of Counts 1 and 4, the robbery and carjacking merge within the meaning of Penal Code § 654."

10

III

DISPOSITION

The trial court is ordered to modify the sentence on count four to reflect a stay pursuant to section 654. The clerk of the court is directed to forward a copy of the new abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.